**June ROTH, Plaintiff-Appellant,**

v.

**Ilene PRITIKIN, as Executrix of the Estate of Nathan Pritikin, and Patrick M. McGrady, Defendants-Appellees.**

**No. 225, Docket 85–7515.**

United States Court of Appeals, Second Circuit.

Argued Oct. 15, 1985.

Decided March 31, 1986.

Robert A. Roth, New York City, for plaintiff-appellant.

Lawrence I. Weinstein, New York City (George L. Graff, Milgrim Thomajan Jacobs & Lee, of counsel), for defendant-appellee Ilene Pritikin.

Roy Karlin, New York City (Shapiro, Shiff, Beilly, Rosenberg & Fox, of counsel), for defendant-appellee McGrady.

Before FRIENDLY,* KAUFMAN and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

Victorious in their defense of Roth's allegations of contract and copyright violations, defendants moved for an award of attorneys' fees. The United States District Court for the Southern District of New York, Thomas P. Griesa, *Judge*, granted defendants' motions and awarded defendant Pritikin $19,885 and defendant McGrady $10,602. Because the standard for awarding attorneys' fees in a copyright action has not been satisfied here, we hold that the district court abused its discretion in awarding fees under 17 U.S.C. § 116 and, therefore, reverse those awards. That portion of the attorneys' fees awarded for defendants' efforts in vacating Roth's attachment of their royalties was properly awarded and, therefore, is affirmed.

## BACKGROUND

As this matter has been before this court on an earlier occasion the facts of the parties' dispute have already been chronicled. *See Roth v. Pritikin*, 710 F.2d 934 (2d Cir.), *cert. denied*, 464 U.S. 961, 104 S.Ct. 394, 78 L.Ed.2d 337 (1983). For this reason, only those facts necessary to resolution of the dispute over attorneys' fees will be set out here.

* Judge Friendly participated in the oral argument in this case and voted before his death on March 11, 1986 in favor of the disposition reached in this opinion.

Plaintiff June Roth is a free-lance writer who specializes in food and health matters. In 1977 she was approached by Patrick McGrady, also a free-lance writer, who was searching for an author for specific dietetic recipes to be included in a book he intended to co-author with Nathan Pritikin, a diet and exercise guru. In our first encounter with this case, we addressed plaintiff's contentions that she was owner of one-third of the copyright in the resulting book, *The Pritikin Program for Diet & Exercise*, which enjoyed 52 weeks on the best seller list and netted Pritikin and McGrady royalties in excess of $1 million. There, we affirmed the district court's determination that Roth had contracted to write the recipes for $3,000 and that the money paid was not, as she argued, an advance on her share of the book's royalties. Further, we rejected Roth's claim that the Copyright Act of 1976, effective in 1978, which includes a statute of frauds provision for "works for hire", *see* 17 U.S.C. § 101, should be applied retroactively.

Our decision in June 1983 was followed by the Supreme Court's denial of Roth's petition for certiorari. *See* 464 U.S. 961, 104 S.Ct. 394, 78 L.Ed.2d 337 (1983). In January 1984, Pritikin and McGrady moved the district court for attorneys' fees pursuant to both the Copyright Act, *see* 17 U.S.C. § 116 (1976), and rule 6212(e) of the New York Civil Practice Law and Rules, asserting that Roth's suit had been frivolous. Fees were sought under CPLR 6212(e) because in 1981 Roth had obtained an *ex parte* order attaching defendants' royalty payments, which order was vacated after a hearing.

The district court awarded fees for pretrial and trial work, for defending against the petition for certiorari, and for vacating the attachment. It denied any fees for the first appeal to this court because the legal arguments raised were not "baseless".

In making these awards, the district court recognized that, under the Copyright Act, a "defendant may recover fees only if the court finds that the plaintiff's claim was baseless, frivolous, unreasonable, or brought in bad faith." Joint appendix at

854 (citing *Grosset & Dunlap, Inc. v. Gulf & Western Corp.*, 534 F.Supp. 606, 609–10 (S.D.N.Y.1982)). In his unpublished opinion, Judge Griesa distinguished between the factual and legal issues tried by Roth. What the district court labeled as her factual claim concerned her allegation that the $3,000 payment by McGrady and Pritikin under an oral arrangement was not intended to be full compensation for her work in writing the recipes, but was meant to be an advance on her royalties. Her legal argument concerned her position that the Copyright Act of 1976 should apply retroactively so that its statute of frauds provision requiring a writing to preclude works for hire from copyright privileges would apply to her.

Following a hearing on the motion for attorneys' fees, the district judge found that "plaintiff's position on the factual question was entirely without basis", joint appendix at 855, but found that her legal arguments were not sufficiently baseless for an award of attorneys' fees. Thus, attorneys' fees were awarded on only the factual issue. Judge Griesa allocated the time spent by defendants in defending against Roth's factual allegations and determined that Pritikin was entitled to $15,000 for pretrial preparation and the trial, $2,000 for defending Roth's petition for certiorari, and $2,885 under CPLR 6212(e) for attorneys' fees related to the attachment proceedings. Likewise, the district court awarded McGrady $9,571 for the pretrial and trial proceedings, $750 in defending the petition for certiorari, and $281 for attorneys' fees related to the attachment proceedings. Since the strict standard for awarding attorneys' fees to a prevailing defendant under the Copyright Act has not been met, we reverse that portion of the award and affirm only as to amounts— $2,885 to Pritikin and $281 to McGrady— awarded in relation to the attachment proceedings.

## DISCUSSION

I. *Attorneys' Fees Under the Copyright Act.*

The district court applied former section 116, which has since been amended and

recodified in 17 U.S.C. § 505 (1982), in accordance with its determination that the substance of plaintiff's copyright claims was governed by pre-1976-amendment copyright law. Section 116, one of myriad statutory exceptions to the American rule that each side must bear the expense of its own attorneys' fees, *see Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975), provided:

> In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs.

17 U.S.C. § 116.

■ "The award of attorney's fees is discretionary with the court under the [copyright] act." *Orgel v. Clark Boardman Co.*, 301 F.2d 119, 122 (2d Cir.), *cert. denied*, 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed.2d 58 (1962). The determination of whether a prevailing party is entitled to an award of attorneys' fees depends, in part, upon whether the plaintiff or defendant prevails. Because the Copyright Act is intended to encourage suits to redress copyright infringement, fees are generally awarded to a prevailing plaintiff. *See Diamond v. Am-Law Publishing Corp.*, 745 F.2d 142, 148 (2d Cir.1984). The logical converse of this legislative purpose, however, requires that attorneys' fees to prevailing defendants be awarded circumspectly to avoid chilling a copyright holder's incentive to sue on "colorable" claims. *See id.* This is particularly true since an award of attorneys' fees is deemed to serve the additional purpose of penalizing the losing party. *See Grosset & Dunlap, Inc. v. Gulf & Western Corp.*, 534 F.Supp. 606, 609 (S.D.N.Y.1982).

The provision authorizing attorneys' fees "has been sparingly used and the amounts awarded modest." *Orgel*, 301 F.2d at 122. Prevailing defendants are granted such fees only when the "court finds plaintiff's suit to have been baseless, frivolous, unreasonable, or brought in bad faith." *Grosset*

*& Dunlap*, 534 F.Supp. at 610; *see also Jartech, Inc. v. Clancy*, 666 F.2d 403, 407 (9th Cir.), *cert. denied*, 459 U.S. 879, 103 S.Ct. 175, 74 L.Ed.2d 143 (1982).

■ Here, Judge Griesa determined that "plaintiff's position on the factual question was entirely without basis." Joint appendix at 855. He observed that "[p]laintiff's position rested solely on her own unsupported testimony, which was wholly implausible and was conclusively rebutted not only by contradictory testimony but by documentary evidence, and by the inevitable inferences to be drawn from the circumstances. Consequently I conclude that defendants are entitled to attorney's fees in connection with the factual question." *Id.* at 855–56. Viewed in isolation, the district court's decision might suggest that this case was appropriate for an award of attorneys' fees to defendants; however, considering the context of the entire litigation, we hold that the award of fees under section 116 was an abuse of discretion.

The district court's December 22, 1982 decision on the merits dismissing Roth's complaint discussed the disputed versions of the facts asserted by the parties. There, Judge Griesa stated: "I have noted the sharp conflict of testimony between Mrs. Roth and McGrady. In my view, the balance tips in favor of the defendants on the issue". *See* joint appendix at 439. Noting that, as a professional writer, Roth should have known to protect any copyright interest she might have had in the book, the district judge merely concluded that it was "difficult to accept her version of the facts as distinct from the defense version." *Id.* at 440.

Although he undoubtedly credited defendants' version of the events over plaintiff's, there is nothing to suggest that, at the time of his original decision, the district judge believed that plaintiff's factual claim was "baseless, frivolous, unreasonable, or brought in bad faith." *Grosset & Dunlap*, 534 F.Supp. at 610. Indeed, in reaching our earlier decision that the district judge was not clearly erroneous on this fact issue, we stated that "the evidence adduced

at trial was inconsistent, and the judge was free to draw conclusions based upon his perception of the witnesses' credibility and demeanor." 710 F.2d at 937. Nevertheless, at the hearing on the motion for attorneys' fees, Judge Griesa, indicating his displeasure over the failure to move for attorneys' fees at the time of judgment, made clear his view that this case, which had been before this court and before the Supreme Court on petition for certiorari, had "assumed a proportion which is just out of line". Joint appendix at 796.

In short, it appears that the district judge's consideration was colored by the intervening two years of appellate litigation. He abused his discretion by failing to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, [plaintiff's] action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421–22, 98 S.C.t 694, 700, 54 L.Ed.2d 648 (1978) (addressing attorneys' fees to prevailing defendants under Title VII); *cf. Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985) (cautioning against employing "the wisdom of hindsight" in imposing sanctions under Rule 11).

The present situation is distinguishable from that in *Mailer v. RKO Teleradio Pictures, Inc.*, 332 F.2d 747 (2d Cir.1964). There, this court affirmed an award of attorneys' fees to prevailing defendants because plaintiff's claim was "unreasonable", inasmuch as he had proffered a hypertechnical argument concerning a contractual reversion-of-rights clause in an apparent attempt to force defendants to offer him more favorable terms. *Id.* at 749–50. The distinction from the instant case lies in the district judges' determinations.

■ In *Mailer*, this court was simply upholding an award of fees that had been granted based on an initial finding that plaintiff's position was "unreasonable". *Id.* at 749. Here, however, Judge Griesa's December 22, 1982 oral decision dismissing Roth's complaint expressed no more than that defendants' version of the facts was more credible than plaintiff's; it was not until the subsequent hearing following Roth's unsuccessful appellate proceedings that he came to view her claim as "entirely without basis." A factfinder's decision that one party's version of the events is more credible than the other party's is, without more, insufficient to justify an award of attorneys' fees to a prevailing defendant under the Copyright Act.

■ Lastly, we note that even if attorneys' fees under the Copyright Act had been properly awarded in this case, the district court erred in awarding fees to defendants for defending Roth's petition for certiorari. While no award was made for proceedings in this court, it is instructive to note that we have held "that we, not the district court that rendered the initial decision, should be the judges of whether an appeal is so frivolous as to warrant the imposition of attorneys' fees." *Sierra Club v. United States Army Corps of Engineers*, 776 F.2d 383, 392 (2d Cir.1985) (distinguishing *Perkins v. Standard Oil Co.*, 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970) (per curiam)), *cert. denied, New York State Department of Transportation v. Sierra Club*, — U.S. —, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986). Similarly, as to attorneys' fees for a frivolous petition for certiorari, entitlement to any such award is the province of the Supreme Court.

## II. *Attorneys' Fees Under CPLR 6212(e).*

■ The district court also awarded defendants attorneys' fees under New York's CPLR 6212(e) for vacating Roth's attachment. Rule 6212(e) provides:

> The plaintiff shall be liable to the defendant for all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if the defendant recovers judgment, or if it is finally decided that the plaintiff was not entitled to an attachment of the de-

fendant's property. Plaintiff's liability shall not be limited by the amount of the undertaking.

N.Y.Civ.Prac.Law § 6212(e) (McKinney 1980). "This subdivision was added in 1977 to make the attaching plaintiff strictly liable for all damages occasioned by a wrongful attachment. * * * The plaintiff's statutory liability for wrongful attachment includes 'reasonable attorney's fees, which may be sustained by reason of the attachment' ". *Id.*, commentary at 74. As Judge Griesa's awards under 6212(e) related only to fees incurred in vacating the attachment, fees that were clearly authorized by statute and factually supported by the record, we affirm the awards of $2,885 to Pritikin and $281 to McGrady.

## CONCLUSION

Those amounts awarded to defendants as attorneys' fees under the Copyright Act are reversed; those amounts awarded as attorneys' fees under CPLR 6212(e) for vacating plaintiff's attachment are affirmed.