**PLAYBOY ENTERPRISES, INC., and Special Editions, Ltd., Plaintiffs–Counterclaim Defendants,**

v.

**Jennifer DUMAS and Jennifer Dumas, Inc., Defendants–Counterclaimants.**

**No. 91 Civ. 6268 (CHT).**

United States District Court, S.D. New York.

Dec. 20, 1993.

Kenneth P. Norwick, Norwick & Schad, New York City, for plaintiffs-counterclaim defendants.

Roger L. Zissu, Weiss Dawid Fross Zelnick & Lehrman, P.C., New York City, for defendants-counterclaimants.

## OPINION AND ORDER

TENNEY, District Judge.

Defendants-counterclaimants Jennifer Dumas and Jennifer Dumas, Inc. (collectively "Dumas") move for reargument and/or clarification of this court's Opinion and Order of September 9, 1993. That Opinion denied Dumas' request for attorneys' fees related to their defense of plaintiffs-counterclaim defendants Playboy Enterprises, Inc. and Special Editions, Ltd. (collectively "Playboy") action for declaratory judgment, but granted Dumas' request for attorneys' fees with respect to Dumas' counterclaim for copyright infringement. The motion is granted, and the court's earlier Opinion and Order is amended as discussed below.

### Background

Playboy initiated this suit, seeking declaratory judgment that Playboy owned the copyrights in several hundred artworks created by the late Patrick Nagel. Dumas counterclaimed against Playboy, alleging infringement under the Copyright Acts of 1909 and 1976 and unfair competition under § 43(a) of the Lanham Act, seeking damages and attorneys' fees. After a bench trial, the court entered an Opinion and Order on September 9, 1993 (the "Opinion") denying Playboy's claim for declaratory judgment and dismissing Dumas' counterclaim for unfair competition, but granting Dumas' counterclaim for copyright infringement and awarding damages of $42,357.95. *See Playboy Enterprises, Inc. v. Dumas,* 831 F.Supp. 295 (S.D.N.Y. 1993). Most significantly for the purposes of the present motion, the Opinion awarded Dumas attorneys' fees for preparation of the copyright infringement counterclaim, but de-

nied Dumas attorneys' fees for preparation of the declaratory judgment portion of the case. In its denial of attorneys' fees on the declaratory judgment action, the Opinion stated "... the court declines to award Dumas any attorney fees on the basis of the issue of copyright ownership." 831 F.Supp. at 320. The Opinion went on to grant 80% of the attorneys' fees for Dumas' infringement counterclaim, but stated that "this award of fees should be relatively minor,...." *Id.* at 321.

Following entry of the Opinion on September 9, Dumas submitted a Notice of Motion for Reargument and/or Clarification and a supporting Memorandum of Law on September 20 (hereinafter the "Motion"), styled as a Fed.R.Civ.P. 60(b)(1) and/or 60(b)(6) motion. Complicating consideration of the Motion, Playboy filed a notice of appeal of the Opinion on October 12, and Dumas filed a notice of cross-appeal on October 20. Before the Court of Appeals addressed the merits of either the appeal or the cross-appeal, the parties entered a stipulation, with the consent of the Court of Appeals, withdrawing the notices of appeal and cross-appeal, and purporting to preserve the parties' ability to appeal from the district court's eventual final judgment.

### Discussion

#### 1. Jurisdiction

■ As a preliminary matter, the court must determine whether plaintiffs' filing of the notice of appeal or defendants' filing of the notice of cross-appeal divested this court of jurisdiction. Playboy filed a notice of appeal on October 12, followed by Dumas' notice of cross-appeal on October 20. This normally would present serious questions regarding the district court's continued jurisdiction over further proceedings. *See Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2nd Cir.1992). However, by stipulation dated December 3, 1993, the parties withdrew their respective notices of appeal, returning jurisdiction to this court. Given the parties' stipulation, the district court has jurisdiction to enter this Opinion and Order.

#### 2. Attorneys' Fees for Defense of the Declaratory Judgment Action

■ Dumas argues that it should be awarded reasonable attorneys' fees incurred in its defense of the declaratory judgment action. Dumas concedes that the case law of this circuit establishes that defendants in copyright actions should receive attorneys' fees only if "plaintiff's claims are objectively without arguable merit or baseless, frivolous, unreasonable or brought in bad faith." *Whimsicality, Inc. v. Rubie's Costume Co.,* 891 F.2d 452, 457 (2nd Cir.1989); *see Roth v. Pritikin,* 787 F.2d 54, 57 (2nd Cir.1986); *but see Fogerty v. Fantasy, Inc.,* ── U.S. ──, 113 S.Ct. 2992, 125 L.Ed.2d 687 (1993) (certiorari granted to review similar Ninth Circuit standard limiting awards of attorneys' fees to prevailing defendants). This court's prior Opinion found that: "There were questions of first impression with regard to whether a retroactive writing satisfies the definition of work made for hire ... and whether California Civil Code section 982 applied under the circumstances of this case. The issues were difficult and time consuming." 831 F.Supp. at 320. Given these findings, the Opinion concluded that an award of attorneys' fees to the prevailing defendant in the declaratory judgment action would be contrary to existing circuit law.

Dumas' Motion does not dispute the court's finding that Playboy's declaratory judgment claim was neither baseless, frivolous, unreasonable, brought in bad faith, nor objectively without arguable merit. Instead, Dumas contends that the *Roth–Whimsicality* rule should not apply to declaratory judgment actions. In very conclusory fashion, Dumas states that in a declaratory judgment action, the defendant is functionally indistinguishable from the plaintiff, and should therefore receive attorneys' fees.

Dumas neglects to support this argument with case law from any court. The only authority cited for this bald proposition is a footnote from the Nimmer treatise stating: "For purposes of [the distinction between awards to prevailing plaintiffs and prevailing defendants], the defendant in ... a declaratory relief action ... may qualify as a 'plaintiff.'" Defendants' Memorandum in Support

of Motion for Reargument at 4, *citing* Melville Nimmer & David Nimmer, 3 *Nimmer on Copyright* § 14.10[D][2] n. 46. Although *Nimmer on Copyright* is a useful tool to the copyright community, footnotes from the Nimmers' fine treatise do not supersede relevant Second Circuit authority and are not (barring an amendment to Article III of the United States Constitution) binding on this court.

*Roth* and *Whimsicality* discuss the applicability of the rule limiting awards of attorneys' fees to "claims," "actions," and "prevailing defendants" under the Copyright Act. *See Whimsicality*, 891 F.2d at 457; *Roth*, 787 F.2d at 57–58. Neither *Roth* nor *Whimsicality* explicitly or implicitly limits the rule to infringement actions. Nor do these cases indicate that a suit for declaratory judgment should not be considered as much of a "claim" or "action" as a suit for damages, or that distinctions between the plaintiff and defendant lose meaning in declaratory judgment actions. Whether brought as initial claims, counterclaims, or as third-party claims, declaratory judgment actions play an important role in copyright litigation. These claims should not be discouraged by the threat that plaintiffs who bring colorable declaratory judgment actions will be forced to bear the attorneys' fees of prevailing defendants. Given the unambiguous rule of *Roth* and *Whimsicality*, and the substantial policy consideration of encouraging the orderly judicial determination of copyrights, the court rejects Dumas' argument that it should have been awarded attorneys' fees as the prevailing defendant in the declaratory judgment action.

3. Attorneys' Fees for the Infringement Counterclaim

■ Although the court rejects Dumas' request for attorneys' fees for the declaratory judgment action, the court *sua sponte* recognizes a misstatement regarding the award of attorneys' fees in the prior Opinion. In denying attorneys' fees on the declaratory judgment claim, the Opinion stated: "Under these circumstances, the court declines to award Dumas any attorney fees on the basis of copyright ownership." 831 F.Supp. at 320.

The Opinion went on to grant attorneys' fees on the infringement counterclaim, but stated that: "The court notes that this award of fees should be relatively minor, as it relates only to the preparation of Dumas's attorneys with regard to the infringement counterclaim." *Id.* at 321.

The Opinion erroneously considered the determination of ownership of the copyrights to be an issue only in the declaratory judgment action. However, ownership of a valid copyright was at issue in *both* Playboy's declaratory judgment claim and in Dumas' infringement counterclaim. An infringement claim has two essential elements: (1) ownership of a valid copyright by plaintiff and (2) copying by defendant of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361–63, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991). The court incorrectly compartmentalized proof of ownership as relevant only to the declaratory judgment action. As stated in the Opinion of September 9, 1993, Dumas is entitled to 80% of its reasonable attorneys' fees for the preparation of the infringement counterclaim. Since demonstrating ownership of a valid copyright was an essential element of the infringement counterclaim, Dumas should receive 80% of the reasonable attorneys' fees incurred in establishing this element. *See Twin Peaks Productions, Inc. v. Publications International, Ltd*, 996 F.2d 1366, 1383 (2nd Cir. 1993) (defendant who prevails on infringement counterclaim entitled to reasonable attorneys' fees for counterclaim); *Rose v. Bourne, Inc.*, 279 F.2d 79, 81 (2nd Cir.1960) (same), *cert. denied*, 364 U.S. 880, 81 S.Ct. 170, 5 L.Ed.2d 103 (1960). The fact that an element of proof may be shared between several different claims or counterclaims should not bar recovery of fees incurred in establishing that element of proof.

*Conclusion*

The Opinion and Order of September 9, 1993 is modified in accordance with this Opinion and Order. The court directs Dumas to submit proof of reasonable attorneys' fees in preparation of the infringement counterclaim, which may include fees incurred in

**260**

establishing the ownership of a valid copyright in the infringed works.

SO ORDERED.