**VIRGIN ATLANTIC AIRWAYS, LTD., Mario Batista, Lawrence French, Julio Rosa, Jose Marcello Garcia, John Aquino and Edgar Lambertus, Plaintiffs,**

v.

**NATIONAL MEDIATION BOARD, et al., Defendants.**

No. CV–88–3163.

United States District Court, E.D. New York.

Oct. 16, 1990.

---

Michael Delikat, Baer Marks & Upham, New York City, for plaintiffs.

Mark Murphy, U.S. Dept. of Justice, Civ. Div., Washington, D.C., Ronald M. Etters, Washington, D.C., Friedlander, Gaines, Cohen & Rosenberg, New York City, Wilma Liebman, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

On February 24, 1989, this court heard oral argument on the defendant National Mediation Board's (NMB) motion to dismiss this action or, in the alternative, grant summary judgment in its favor. The court denied the motion orally, at the conclusion of the argument and thereafter memorialized its decision in a Memorandum and Order dated March 1, 1989 (1989 WL 20612), which recited that (1) upon the *precise facts of this case*, the court had jurisdiction to review the NMB's certification of the union co-defendant; (2) the NMB's certification of the union as the Bargaining Representative grossly violated the Railway Labor Act. The parties were granted leave to take an immediate interlocutory appeal. The NMB's application for such leave was denied by the United States

Court of Appeals for the Second Circuit. Approximately sixteen months later, the NMB filed this motion "to revisit" that decision. The ostensible basis for filing the motion is stated to be that in the intervening sixteen months since this court's decision "there have been a number of decisions which have reaffirmed both the breadth of the Board's discretion ... and the narrowness of the court's jurisdiction to review" the exercise of that discretion.

 Argument on this motion was heard on July 20, 1990. The court's efforts to elicit from NMB's counsel an explanation of the nature of a motion "to revisit" were futile. When pressed as to whether a motion "to revisit" was essentially a motion to reargue dressed in semantically social garb, a direct response was deftly avoided. The reluctance to concede that this motion was indeed a motion to reargue suggests a familiarity with Rule 3(j) of the Rules of the United States District Courts for the Southern and Eastern Districts, which provides:

A notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion.... There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

That Rule is fatal to this motion filed sixteen months after the determination of the original motion, not only because it is untimely but also because the required memorandum set forth no controlling decision which the court has overlooked. That memorandum makes reference to decisions applying the principles of law which were relied upon by the NMB in support of its original motion and with which the court was familiar. Counsel for the NMB conceded as much on oral argument.

NMB's justification for filing this motion is asserted to be the second sentence of Rule 54(b), Fed.R.Civ.P., which provides, in pertinent part:

[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Research has not revealed many reported decisions which have discussed the purpose that sentence was intended to serve. Given the inherent power of federal courts to reconsider questions once decided in the same proceeding, the purpose of that sentence is not readily apparent. The discussion of that sentence of Rule 54(b) in the standard treatises is not enlightening and the court could not discover any illuminating legislative history. *See, e.g.*, 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶¶ 54.26–54.27 (2d ed. 1989). The applicability of that sentence as justification for filing this motion is highly doubtful. Rule 60(b), Fed.R.Civ.P., is the more appropriate vehicle designed for the NMB's quest, namely, to be relieved from the effects of this court's prior order. It is clear, however, that the reasons listed in Rule 60(b) for such relief were not available. The invocation of Rule 54(b) would appear (and was virtually conceded at oral argument) to be merely an excuse for bringing before the court once again the arguments made nearly one and one half years ago in the hope that perhaps, like wine, they may have become more palatable with age. This motion addresses in its entirety contentions which were previously presented and peculiarly pertinent to its filing is the observation of the court in *Continental Casualty Co., v. American Fidelity and Cas. Co.*, 190 F.Supp. 236, 237 (S.D.Ill., N.D.1959), *aff'd*, 275 F.2d 381 (7th Cir.1960):

Litigation must end at some point. Piecemeal litigation of legal issues is burdensome both to the court and to parties to a cause and detrimental to decorum and judicial processes. Our system of jurisprudence contemplates that a party who is dissatisfied with the decision of a trial court may submit the cause to a

court of higher jurisdiction for review. *Argument and reargument of motions repetitively presented to the trial court can serve no purpose other than to burden the judicial process with a load which neither the court nor the parties should bear.* (Emphasis supplied).

The denial of this motion is also compelled by the "law of the case" doctrine which has been succinctly summarized in *Erie Conduit Corp. v. Metropolitan Asphalt Paving,* 560 F.Supp. 305, 307–08 (E.D.N.Y.1983) as follows:

> "Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit." 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478 at 788 (1981)....

The doctrine of law of the case "merely expresses the practice of courts generally to refuse to reopen what has been decided, [and is] not a limit to their power." *Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912) (Justice Holmes). *See also United States v. Birney,* 686 F.2d 102, 107 (2d Cir.1982) (application of law of the case doctrine is not an inviolate rule); *Schupak v. Califano,* 454 F.Supp. 105, 114 (E.D.N.Y.1978) ("[T]he principle is not inexorable or absolute, but is founded on the policy of judicial economy.").

It is generally held, however, that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Zdanok v. Glidden Company, Durkee Famous Foods Division,* 327 F.2d 944, 953 (2d Cir.), *cert. denied,* 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964). Factors justifying departure from this general rule were summarized in the frequently cited case of *White v. Murtha,* 377 F.2d 428 (5th Cir.1967), where the court stated that:

> '[L]aw of the case' ... must be followed in all subsequent proceedings in the same case ... unless ... controlling authority has since made a contrary decision of the law applicable to

such issues, or the decision was clearly erroneous and would work a manifest injustice.

*Id.* at 431–32.

*See also, Baden v. Koch,* 799 F.2d 825, 828 (2d Cir.1986); *Doe v. New York City Department of Social Services,* 709 F.2d 782, 789 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983), in each of which the court stated that it would "not depart from the sound policy of the law of the case doctrine absent 'cogent' or 'compelling' reasons. The major grounds for justifying reconsideration are an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice."

None of the reasons warranting a departure from that sound policy has been presented here. There has been no change of controlling law, no new evidence, no clear error requiring correction, nor manifest injustice requiring prevention. On the contrary. The prior decision of this court reflected the strongly held view that a manifest injustice would be condoned if, upon the facts of this case, the employer were compelled to bargain with the union.

■ The plaintiff, in its opposition to NMB's motion, requests the imposition of sanctions on NMB pursuant to Rule 11, Fed.R.Civ.P., and 28 U.S.C. § 1927. Rule 11 should, by now, be capable of recitation verbatim by lawyers who practice primarily in the federal courts. That Rule has been the subject of treatises, law review articles and literally hundreds, if not thousands, of *reported* decisions. That Rule has also been invoked promiscuously in too many cases, but this is not one of them. The fundamental issue is whether reasonable inquiry could have warranted the belief that the filing of this motion was justified by existing law or a good faith argument for the extension, modification or reversal of existing law. The reasons upon which the court based its denial of the motion were patent. Local Rule 3(j) and the law of the case doctrine, each of which was readily discoverable, would have counseled against the filing of this motion. The Rule

54(b) theory relied upon by NMB is "as thin as the homeopathic soup that was made by boiling the shadow of a pigeon that has been starved to death." (Attributed to Abraham Lincoln in *Beamsley v. Commissioner*, 205 F.2d 743, 748 (7th Cir.1953); *Grosswald v. Schweiker*, 653 F.2d 58, 61 (2d Cir.1981). When this matter was before the court on February 24, 1989, plaintiff's counsel made an oral motion for summary judgment which the NMB vigorously opposed. Had that motion been granted, the NMB would have been able to pursue the speedy resolution of the issues this case presents, an objective the NMB asserts it earnestly desires. In a letter addressed to the court dated July 24, 1990 the NMB advised that it would not now oppose a summary judgment for the plaintiff, attaching a proposed order for the court's consideration embracing other issues raised by the plaintiff's pleadings, including a denial of the plaintiff's request for sanctions. This reversal of position approximately eighteen months after the denial of the NMB's motion which it here requests the court to "revisit" and four days after oral argument on this motion to "revisit" serves to buttress the court's conclusion that sanctions are appropriate for the reason that the court should not be restricted to the gnashing of its judicial teeth as the sole response to what it has determined to be a meritless *and* unwarranted motion.

Accordingly, (1) the NMB's motion to "revisit" is denied in its entirety; (2) the plaintiff's application for sanctions is granted as against NMB pursuant to Rule 11, Fed.R.Civ.P., and it is hereby directed to pay the reasonable expenses, including reasonable attorney's fees, incurred because of the filing of this motion. The plaintiff shall submit to this court on or before November 5, 1990 a detailed account of the expenses and attorney's fees incurred. A response to such account may be submitted by the NMB on or before November 12, 1990.

This proceeding is hereby referred to Magistrate Ross for the purpose of supervising discovery and resolving all issues pertaining thereto. Discovery shall be completed within ninety (90) days of this order. Dispositive motions, if any, shall be filed within thirty (30) days after discovery is completed.

SO ORDERED.