J.A. BRUNDAGE PLUMBING AND ROTO–ROOTER, INC., Plaintiff,

v.

MASSACHUSETTS BAY INSURANCE COMPANY, Defendant.

No. 92–CV–531A(H).

United States District Court, W.D. New York.

Jan. 24, 1994.

Peter K. Sommer, Sommer, Oliverio & Sommer, Buffalo, NY, for plaintiff.

Russell N. Brown, Lustig & Brown, Buffalo, NY, for defendant.

---

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented to final disposition of this case before the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

By decision and order dated March 10, 1993, this court denied defendant's motion for summary judgment, and granted the plaintiff's cross-motion for summary judgment. Defendant then appealed to the Second Circuit. During the pendency of the appeal, the parties reached a settlement as to the amount of attorneys' fees owed by Massachusetts Bay to plaintiff, contingent upon this court vacating its decision dated March 10, 1993, 818 F.Supp. 553.

Accordingly, the parties filed a joint motion before the undersigned to vacate the order pursuant to Rule 60(b). A pretrial conference was held on November 30, 1993 to discuss this motion. At the pretrial conference, the court explained to the parties its reservations about being an unwilling party to the settlement of the case in that the settlement was made contingent upon the court vacating its prior order.

As a result of the conference, the parties were to prepare a draft order which stated that settlement had already been achieved and was not contingent upon this court agreeing to vacate its prior decision and order. However, in the amended motion to vacate submitted subsequent to the pretrial conference, the parties described the settlement as being "contingent upon plaintiff and defendant jointly moving to vacate this court's decision dated March 10, 1993 and the appeal to the Second Circuit being withdrawn contingent upon the underlying decision being vacated" and as a "tentative settlement."

In support of their joint motion, the parties cite the Second Circuit's decision in *Nestle Co., Inc. v. Chester's Market*, 756 F.2d 280 (2d Cir.1985). In that case, Nestle sued Saccone for patent infringement with respect to Nestle's Tollhouse patent. The court granted partial summary judgment to Saccone, holding that "Tollhouse" was a generic name and not subject to trademark protection. During the pendency of Nestle's appeal, the parties negotiated a contingent settlement with the assistance of the Second Circuit staff counsel, and moved the Second Circuit to vacate the district court judgment. With the consent of the parties, the Second Circuit remanded the case to the district court, without prejudice to the parties' rights to reinstate the appeal or renew their motion in the Second Circuit, in order to allow the motion to vacate to be considered by the district court in the first instance. On remand, the district court refused to vacate the judgment, noting that since the settlement was conditional the case was not moot, and ruling that vacatur would be inconsistent with a policy favoring finality of judgments. The Second Circuit reversed the district court's refusal to vacate its decision and order, finding that the district court had abused its discretion in refusing to vacate its decision.

The Second Circuit's subsequent decision in *Manufacturers Hanover Trust Co. v. Yanakas*, 11 F.3d 381 (2d Cir.1993), substantially limits the holding in *Nestle*. There, a Second Circuit appeal had been settled after filing of the appellate court's opinion but before the issuance of the mandate. The Second Circuit refused to vacate the decision, distinguishing *Nestle* on the basis that that case sought vacatur of a district court judgment, not vacatur of an appellate court judgment. As the Second Circuit recognized, many of the other circuits refuse to vacate even a district court judgment upon the parties' settlement. The reason for this was well-stated by the Seventh Circuit in *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299 (7th Cir.1988), as follows:

> When a clash between genuine adversaries produces a precedent ..., the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property.

*Id.* at 1302. The Tenth Circuit has recently reached a similar conclusion in *Oklahoma Radio Associates v. FDIC*, 3 F.3d 1436 (10th Cir.1993), finding that:

The furthering of settlement of controversies is important and desirable, but there are significant countervailing considerations which we must also weigh. A policy permitting litigants to use a settlement process as a means of attaining withdrawal of unfavorable precedents is fraught with the potential for abuse. We agree with the Seventh Circuit that "an opinion is a public act of the government, which may not be expunged by private agreement, ..." [and] that the parties "are not free to contract about the existence of these decisions."

*Id.* at 1444 (quoting *Memorial Hospital, supra,* 862 F.2d at 1300, 1302); *see also, Clarendon Ltd. v. Nu–West Industries, Inc.,* 936 F.2d 127, 129 (3d Cir.1991) (policy of encouraging settlements does not "override[ ] the policy that a losing party with a deep pocket should not be permitted to use a settlement to have an adverse precedent vacated."); *In re United States,* 927 F.2d 626 (D.C.Cir. 1991); *Clipper v. Tacoma Park, Md.,* 898 F.2d 18 (4th Cir.1989); *Constangy, Brooks & Smith v. NLRB,* 851 F.2d 839 (6th Cir.1988); *Brookhaven Landscape and Grading Co., Inc. v. J.F. Barton Contracting Co.,* 681 F.2d 734 (11th Cir.1982).

The Second Circuit in *Manufacturers Hanover* did not overrule the *Nestle* case because it found a basis for distinguishing the facts of the two cases. However, the policy reasons set forth by the Second Circuit in the *Manufacturers Hanover* case for not allowing parties to, in effect, contract about the existence of judicial decisions are equally applicable here. The parties were given an opportunity to settle this case prior to the decision, and advised the court that decision on the merits of the case was necessary to adjudicate their respective rights. Furthermore, by making the settlement contingent upon vacating the district court judgment, the parties are effectively involving the court as an unwilling third-party participant in their settlement process, which is not an appropriate role for a court.

With these principles in mind, and having stated my reservations about the procedure for vacatur urged by the parties here, I am nonetheless hereby vacating my previous decision and order of March 10, 1993 as a courtesy to the attorneys involved and to assist their efforts to bring finality to this case. At the same time, I would urge the Second Circuit to continue to examine the validity of *Nestle* in light of the reasoning set forth in *Manufacturers Hanover Trust Co. v. Yanakas,* and in the decisions from other circuit courts of appeal cited above.

**SO ORDERED.**