**Michael L. AGEE, Plaintiff,**

v.

**PARAMOUNT COMMUNICATIONS, INC., et al., Defendants.**

**No. 93 Civ. 6348 (CBM).**

United States District Court, S.D. New York.

Nov. 29, 1994.

See also 853 F.Supp. 778.

John Walshe & Associates, John Walshe, New York City, for plaintiff.

Paul Weiss, Rifkind, Wharton & Garrison, Arthur L. Liman, Leslie Gordon Fagen, New York City, for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

### DEFENDANT'S MOTION FOR COUNSEL FEES AGAINST PLAINTIFF MICHAEL AGEE

Plaintiff in this action, Michael Agee, brought this copyright infringement action complaining that the Paramount defendants (Paramount Communications, Inc., Paramount Pictures, and Paramount Television Group) infringed his sound recording copyrights on two Laurel & Hardy recordings in their broadcast of the "Hard Copy" television show on February 16, 1993.

Paramount moved for summary judgment and for dismissal in accordance with Rules 12(b) and 56(b) of the Federal Rules of Civil Procedure. Subsequently, plaintiff cross-moved for the disqualification of Paul, Weiss, Rifkin, Wharton and Garrison (Paul, Weiss) as defense counsel for the roughly 100 TV defendants in this action. The court granted defendant's motion for summary judgment and dismissed this action and rejected plaintiff's cross-motion.

Paramount has now requested reimbursement for counsel fees, costs and expenses paid to Paul Weiss for legal services provided from September 1, 1993 through May 31, 1994 in the amount of $166,792.50 in fees and $7,389.74 in costs. For the following reasons, defendant's motion is granted as to fees incurred in connection with the disqualification motion and the ex parte TRO application brought by plaintiff as authorized by 17 U.S.C. § 505, 28 U.S.C. § 1927, and the inherent power of the court. The award of the remaining amount of attorney's fees requested by defendants for prevailing on the merits of their motion for summary judgment and dismissal of this action and for costs incurred in this action is stayed pending plaintiff's appeal before the Court of Appeals for the Second Circuit.

Section 505 of the Copyright Act authorizes the Court to grant the prevailing party attorney's fees and costs. The Section reads as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs. 17 U.S.C. § 505

Prior to the Supreme Court's ruling in *Fogerty v. Fantasy,* Inc., —— U.S. ——, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), the Second Circuit had applied a dual standard which treated prevailing plaintiffs differently than prevailing defendants in copyright cases. *Roth v. Pritikin,* 787 F.2d 54, 57 (2d Cir.1984); *Diamond v. Am–Law Pub. Corp.,* 745 F.2d 142 (2d Cir.1984). As a result, the district courts in this circuit would generally award prevailing plaintiffs attorney's fees but prevailing defendants were required to demonstrate that the plaintiff had no colorable claim or one without objective merit. *Playboy Enterprises, Inc. v. Dumas,* 840 F.Supp. 256 (S.D.N.Y.1993); *Frost Belt International Recording Enterprises, Inc. v. Cold Chillin' Records,* 758 F.Supp. 131 (S.D.N.Y.1990).

In *Fogerty,* the Supreme Court rejected this "double standard" and set out new guidelines for the awarding of counsel fees in copyright cases. The Court noted that the legislative history of Section 505 does not warrant treating prevailing plaintiffs differently than prevailing defendants. *Fogerty,* —— U.S. at ——, 114 S.Ct. at 1028. The Court ruled that all prevailing parties are to be awarded attorney's fees whether plaintiffs

or defendants based upon the court's exercise of its discretion. Id. at ——, 114 S.Ct. at 1033. In framing its opinion, the Court observed that, "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." Id. at ——, 114 S.Ct. at 1029.

In using its discretionary power to determine an award of attorney's fees, the *Fogerty* Court ruled that a court may use such factors as the frivolousness, motivation, and objective unreasonableness of the case, and the need for deterrence. Id. at —— n. 19, 114 S.Ct. at 1033 n. 19. While being a nonexclusive list, the factors used must advance the goals of the Copyright Act to further artistic endeavor. *Id.*

■ Following the discretion allowed under *Fogerty*, this court awards attorney's fees and costs to Paramount for the motion to disqualify counsel and for the proceedings involving the ex parte TRO while postponing its ruling as to the remaining claim for costs and attorney's fees on the merits pending appeal from this court's judgment granting summary judgment and dismissing this action.

Plaintiff made a motion to disqualify defendant's counsel Paul, Weiss, "because of their conflict in representing defendants with adverse positions." Declaration of John Walshe in Support of Pl.'s Mot. to Disqualify, ¶ 1. However, as this court ruled in rejecting plaintiff's cross-motion to disqualify Paul, Weiss, plaintiff presented no evidence to establish any conflict that would warrant disqualification of Paul, Weiss. Further, this court commented at the time that it, "views his (Agee) contentions as a mere smokescreen to cloud the common interest of the defendants in this case." With no evidence to support such a motion, plaintiff's motion only served to drive up the costs of litigation and to harass defendants. This court explained,

"There are no adverse interests in this case and there is no confidential information that would unfairly impair defense counsel's representation of any party. Paramount is ultimately liable regardless

of whether the TV stations are represented by Paul, Weiss or their own attorneys and it is precisely because of this mutual interest that defendants have selected one law firm to represent them." Opinion at 11–12.

In addition to bringing the motion to disqualify, plaintiff obtained an *ex parte* Temporary Restraining Order (TRO) under, at best, dubious circumstances. Plaintiff did not notify defendants' counsel as required by Rule 65(b) of the Federal Rules of Civil Procedure that he intended to go before Judge Knapp of this court and obtain a TRO. Additionally, plaintiff deceived Judge Knapp. The result was that Judge Knapp granted a TRO against all 111 defendants. It was granted on the basis of a threatened re-broadcast by defendants of the particular episode of "Hard Copy" at issue in this case. However, plaintiff failed to inform Judge Knapp that Paramount had pledged not to rebroadcast that particular episode. When the deception was discovered and Judge Knapp informed of the true facts, the order was vacated a mere three hours after it had taken effect. This court finds and concludes that plaintiff's actions were in bad faith, misleading, and without merit.

Plaintiff's action was dismissed by this court on June 3, 1994. The court found that Paramount's recording did not infringe plaintiff's exclusive right to reproduce or distribute his sound recording, Paramount's use of plaintiff's sound recordings did not create a derivative work under the Copyright Act, and Paramount's broadcast of plaintiff's sound recordings was protected under the "Ephemeral Recording" exemption of the Copyright Act. In addition, the court dismissed plaintiff's Lanham Act and unfair competition claims.

The manner in which plaintiff proceeded in this action leads the court to conclude that plaintiff's strategy was to escalate the costs for Paramount and to harass this defendant by naming more than 100 defendants from around the country over which this Court has no jurisdiction, making numerous infringement claims, reframing infringement claims as Lanham Act claims contrary to estab-

lished case law and demanding damages far in excess of the statutory limitations.

This court refuses to attempt to limit the language of *Fogerty* to apply to defendant copyright holders as plaintiff suggests. The court does not consider the speculative effects of such an award of attorney's fees and costs as awarded herein on the financial condition of plaintiff as a decisive factor. While the financial condition of the losing party can be considered in awarding attorney's fees to the prevailing party, *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d Cir.1986) (cited in *Fogerty*, —— U.S. at ——, n. 19, 114 S.Ct. at 1033 n. 19), Agee has not submitted any proof, although requested to by the court, that this award would lead to his financial ruin. He elected to plead poverty without proof. The Second Circuit has noted that, "where the plaintiff can afford to pay, of course, the Congressional goal of discouraging frivolous litigation demands full fees be levied." *Faraci v. Hickey–Freeman Co., Inc.*, 607 F.2d 1025, 1028 (2d Cir.1979) (examining the similar language of 42 U.S.C. § 1988 regarding awarding attorney's fees to successful defendants in civil rights actions.).

In the alternative, this court bases the award of attorney's fees and costs made herein on its inherent power and on 28 U.S.C. § 1927 which imposes excess costs and attorney's fees on an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." As an exception to the American Rule, the inherent power of the court allows the court to award reasonable attorneys' fees to the prevailing party when the opposing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir.1986) (citing to *F.D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)); *United States v. International Brotherhood of Teamsters*, 948 F.2d 1338, 1345 (2d Cir.1991); *Wood v. Brosse U.S.A., Inc.*, 149 F.R.D. 44, 48 (S.D.N.Y.1993); *Mopaz Diamonds v. Institute of London Underwriters*, 822 F.Supp. 1053, 1057 (S.D.N.Y.1993).

The standard is the same for awarding attorney's fees under 28 U.S.C. § 1927. "[W]e hold today that an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power." *Oliveri*, 803 F.2d at 1273. In considering whether there has been bad faith, the court can consider the manner in which the action was brought and the manner in which it was litigated. *Oliveri*, 803 F.2d at 1272. However, the Second Circuit requires that there be "clear evidence" that the opposing party's actions were taken to harass, delay the proceedings, or for otherwise inappropriate reasons. *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir.1986).

This court, as noted above, finds and concludes that the plaintiff's actions were undertaken in bad faith in bringing the motion to disqualify Paul, Weiss as counsel for Paramount and the other defendants and in obtaining an ex parte TRO. It was obvious to this court that plaintiff's motion to disqualify Paul, Weiss was without evidence to support any reasonable demonstration of a conflict and that it was brought to harass defendants and escalate the costs of litigating for Paramount.

Plaintiff's counsel exhibited highly improper conduct by obtaining a TRO without informing Paramount's counsel, Paul, Weiss of his intent to do so. It was in a spirit of bad faith that plaintiff acted without allowing Paramount to oppose his application before the TRO went into effect. This court finds that plaintiff's conduct was contrary to the requirements of Rule 65(b) and an affront to the long established standard practices in this court in seeking a TRO and that encourage fair dealing in the courts. For these reasons, this court holds that plaintiff is required to pay Paramount's attorney's fees and costs incurred while defending against the motion to disqualify and setting aside the ex parte TRO.

The court finds and concludes that Paramount's attorney's fees and costs requested are fair and reasonable. It is well settled law that in copyright infringement cases, the courts evaluate the amount of work and skill involved and the result

achieved to determine attorney's fees. *N.A.S. Import, Corp. v. Chenson Enters., Inc.,* 968 F.2d 250, 254 (2d Cir.1992); *Oboler v. Goldin,* 714 F.2d 211 (2d Cir.1983). Considering also the vexatious nature of the litigation strategy of plaintiff, Paramount's fees are fair and reasonable. Defendant has submitted the required contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done. *Johnson v. New York City Trans. Auth.,* 823 F.2d 31, 33 (2d Cir.1987); *New York Association for Retarded Children v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983).

The court finds plaintiff's objections to the attorney's fees to be without merit. There is no evidence that Paul, Weiss engaged in "over billing" or "double billing" or that Paul, Weiss "educated" its attorneys at the expense of its client, as alleged by plaintiff. With only mere allegations of wrongdoing, this court will not deny Paramount an award of attorney's fees and costs.

### Conclusion

For the reasons set forth above, defendants' motion is granted for reasonable attorney's fees and costs, From the defendant Paramount's papers, this court awards $20,-760 in attorney's fees for the motion to disqualify and $3,962 in attorney's fees in connection with the ex parte TRO. The amount of costs attributable to these two proceedings are to be separately designated by defendant in response to this opinion. After the court has considered the fairness and reasonableness of these particular costs, a final order referencing this opinion will be entered.

### ORDER

Defendants' motion is granted for reasonable attorney's fees and costs. Defendants are awarded $20,760 in attorney's fees for the motion to disqualify and $3,962 in attorney's fees in connection with the ex parte TRO. Attorney's fees based upon the costs of litigating the merits of the case are stayed pending plaintiff's appeal before the Court of Appeals.

SO ORDERED.