**Michael L. AGEE, Plaintiff,**

v.

**PARAMOUNT COMMUNICATIONS, INC., et al., Defendants.**

**93 Civ. 6348 (CBM).**

United States District Court, S.D. New York.

July 11, 1996.

John Walshe, John Walshe & Associates, New York City, for plaintiff.

Leslie Gorden Fagen, Paul Weiss Rifkind Wharton & Garrison, New York City, for defendants.

1. The court assumes familiarity with its prior decision, *Agee v. Paramount Communications, Inc.*, 853 F.Supp. 778 (S.D.N.Y.1994).

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff Michael L. Agee ("Agee") originally brought this action under the Copyright Act, 17 U.S.C. sec. 101, *et seq.*, alleging that defendants had infringed his sound recording copyrights in two Laurel & Hardy musical recordings. On June 3, 1994, this court granted defendants' motion to dismiss plaintiff's Lanham Act and unfair competition claims and granted defendants' motion for summary judgment on plaintiff's Copyright Act claim.[1] Plaintiff appealed this determination, and on June 26, 1995, the Second Circuit affirmed in part and reversed in part. *See Agee v. Paramount Communications, Inc.,* 59 F.3d 317 (2d Cir.1995) (affirming dismissal of plaintiff's Lanham Act and unfair competition claims and affirming grant of summary judgment in favor of "TV defendants" but reversing grant of summary judgment in favor of Paramount on plaintiff's Copyright Act claim).

Then, on August 8, 1995, judgment was entered against plaintiff and his counsel, John Walshe, Esq., in the amount of $24,722 for attorneys' fees incurred by defendants in opposing plaintiff's disqualification motion and plaintiff's *ex parte* temporary restraining order application. *See Agee v. Paramount Communications, Inc.,* 93–6348, 1995 WL 790313 (July 31, 1995, S.D.N.Y.) (hereinafter, the "judgment").[2] In awarding defendants attorneys' fees, this court concluded that the disqualification motion and application for an *ex parte* temporary restraining order had been brought by plaintiff in bad faith, to escalate costs and harass defendants. *See Agee v. Paramount Communications, Inc.,* 869 F.Supp. 209, 211 (S.D.N.Y.1994). Further, this court concluded that plaintiff had purposely misled Judge Knapp in order to obtain the temporary restraining order. *Id.*

The parties subsequently settled this litigation and executed a Stipulation And Order Of Dismissal With Prejudice, "so ordered" by this court on March 28, 1996. There was

2. The disqualification motion was denied by this court and the temporary restraining order was initially granted by Judge Knapp and then vacated hours later.

also a written agreement between the parties providing as follows:

> [Defendants] agree that they shall not take any action to enforce or collect the Attorneys Fee Judgment [sic], hereby waive any rights they may have to enforce or collect [same], and shall upon Agee's election provide a satisfaction of judgment to Agee and John Walshe. [Defendants] further agree that their failure to provide a satisfaction of judgment will result in irreparable harm to Agee and counsel.

*See* Exhibit B, Plaintiff's Notice Of Motion To Vacate Judgment, filed April 30, 1996. Based on this language, plaintiff moves to vacate the judgment awarding attorneys' fees, pursuant to Fed.R.Civ.R. 60(b).[3] Plaintiff argues that vacatur pursuant to Rule 60(b) conserves judicial energy and follows the intention of the parties, but nowhere explains how the former is achieved. Defendants have neither joined in plaintiff's motion nor opposed it. For the reasons set forth below, plaintiff's motion is denied.

██ A motion seeking relief pursuant to Rule 60(b) is addressed to the sound discretion of the district court. *Nemaizer v. Baker*, 793 F.2d 58, 61–62 (2d Cir.1986); *Aetna Casualty and Surety Co. v. Home Ins. Co.*, 882 F.Supp. 1355, 1356 (S.D.N.Y.1995). In deciding whether to vacate its own judgment, the court must balance the policy of honoring settlements against the public interest in the finality of judgments. *Id.*

██ In the Second Circuit, there is a current trend away from granting vacatur just because the parties' settlement agreement provides for it. Originally, district courts were required to vacate their judgments if the parties reached "a settlement agreement conditioned on such a vacatur while the matter was pending on appeal." *Nestle Co. v. Chester's Market, Inc.*, 756 F.2d 280, 283 (2d Cir.1985). Then, in *Manufacturers Hanover Trust Co. v. Yanakas*, the Second Circuit declined a motion to vacate its own decision. 11 F.3d 381, 385 (2d Cir.1993). Although *Nestle* was not explicitly overruled, the Second Circuit warned, "[w]hen a clash between

genuine adversaries produces a precedent, . . . the judicial system ought not to allow the social value of that precedent, created at a cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property." 11 F.3d at 385 (citations omitted).

Thus *Nestle*'s holding has been somewhat eroded by *Manufacturers Hanover*, as well as by the even more recent *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, in which the Supreme Court frowned on the use of vacatur following settlement. —— U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). While not directly addressing motions made pursuant to Rule 60(b), the Supreme Court held that "mootness by reason of settlement did not justify vacatur of a judgment under review," absent "exceptional circumstances" which "do not include the *mere fact* that the settlement agreement provides for vacatur . . ." *Id.* at ——, 115 S.Ct. at 393 (emphasis added). The Court reasoned: "[w]here mootness results from settlement . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice." *Id.* at ——, 115 S.Ct. at 392.

The considerations explored in *Bancorp* and *Manufacturers Hanover* are also relevant on the district court level. Accordingly, trial courts in this district have recognized that *Manufacturers Hanover* and *Bancorp* counsel against automatically granting Rule 60(b) motions after settlement. *See Aetna Casualty*, 882 F.Supp. at 1356 (denying joint motion to vacate district court's judgment where settlement agreement provided for vacatur). As observed by Judge Newman in *Aetna Casualty*, "the holding in *Manufacturers Hanover* suggests *strongly* that this circuit is moving away from routine vacatur." *Id.* (emphasis in original).

---

3. Fed.R.Civ.P. 60(b) empowers district courts to "relieve a party or a party's representative from a final judgment ... for ... any ... reason

justifying relief from the operation of the judgment."

The instant motion further illustrates the potentially absurd results of allowing judgments to be bargained away during settlement. The judgment awarding attorneys' fees to defendants was predicated on a finding that plaintiff and his lawyer, John Walshe, Esq., engaged in "highly improper conduct." *Agee*, 869 F.Supp. at 212. This award was "unrelated to any of the issues remaining to be litigated with respect to plaintiff's copyright claim" and its immediate entry was found to "serve the interests of justice and judicial administration." *Agee*, 1995 WL 790313.

If parties could simply erase such judgments by including a clause in their settlement agreements, the district courts' power to deter frivolous litigation would be gutted.[4] As noted by the Second Circuit, this court's judgment is not the parties' "property" to be negotiated into oblivion at their convenience. *Manufacturers Hanover*, 11 F.3d at 385. *Bancorp* suggests that plaintiff has the burden to demonstrate his "equitable entitlement to the extraordinary remedy of vacatur," yet his submission makes no such showing. —— U.S. at ——, 115 S.Ct. at 392. It is not enough that plaintiff does not *want* a record of his and his counsel's aggravating litigation strategies. Given the need to end wasteful and deceptive litigation, the public interest is better served by preserving this judgment than by vacating it.

Moreover, even if this court applied the endangered holding of *Nestle*, it is evident the parties did not "condition" their settlement on vacatur of the judgment at issue. As previously noted, this judgment was separate from the copyright infringement claims at the heart of this litigation. The parties' agreement does not say that settlement was conditioned on its vacatur and this court will not infer that it was.

### ORDER

In accordance with the accompanying Memorandum Opinion, plaintiff's motion to vacate this court's judgment dated August 8, 1995, is hereby DENIED.

SO ORDERED.

---

**4.** Similarly, the parties can not agree between themselves that a certain legal standard has been met, such as "irreparable harm," as they have attempted to do in the instant agreement. *See supra.*