Bert VLADIMIR, on behalf of himself
and all others similarly situated,
Plaintiffs,

v.

UNITED STATES BANKNOTE
CORPORATION and Morris
Weissman, Defendants.

No. 94 Civ. 0255 (MGC).

United States District Court,
S.D. New York.

Sept. 30, 1997.

Kaufman Malchman Kirby & Squire LLP, by Roger W. Kirby, Andrea Bierstein, New York City, for Plaintiffs.

Weil, Gotshal & Manges LLP, by Dennis J. Block, Richard L. Levine, Suzanne J. Romajas, New York City, for Defendants.

Winthrop, Stimson, Putnam & Roberts, by David G. Keyko, Takemi Ueno, New York City, for Thomas De La Rue AG, Intervenor.

## OPINION

CEDARBAUM, District Judge.

This is a securities fraud class action in which a jury verdict in favor of the plaintiff class was returned on January 24, 1997. The jury found that defendant Banknote's false and misleading statements caused the price of Banknote common stock to be artificially inflated by 79 cents per share throughout the class period. The total amount of damages has not been determined, but plaintiffs suggest that it is between $5.3 million and $6.4 million. No judgment has been entered on the verdict. Currently pending is defendants' motion for judgment as a matter of law. The parties have entered into a settlement agreement that provides for Banknote to establish a settlement fund of between $4.2 and $4.5 million. The settlement is conditioned upon vacatur of the jury verdict and the grant of judgment as a matter of law. Notice of the settlement was sent to class members and published in The Wall Street Journal, and no member of the class has objected to the settlement.

I have examined the terms of the settlement and have determined that the settlement is "fair, reasonable and adequate" based on a comparison of the terms of the compromise with the likely ultimate benefit to the plaintiff class in the event of continued litigation. *See Weinberger v. Kendrick,* 698 F.2d 61 (2d Cir.1982), *cert. denied,* 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983). In making this determination, I have considered the factors set out by the Second Circuit in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir.1974). *See also County of Suffolk v. Long Island Lighting Co.,* 907 F.2d 1295 (2d Cir.1990). I have considered the jury verdict as well as the complexity, expense and likely duration of future appellate litigation on the jury verdict. I have also considered the reaction of the class to the settlement. I have considered the risk of the jury verdict being overturned either on defendants' motion for judgment as a matter of law or on appeal, and I have considered the reasonableness of the settlement fund in light of all of these factors. I have also considered the fact that the settlement is the

result of arm's length negotiations between counsel who are very experienced in class action securities litigation and who are zealous in protecting their clients' interests.

The Second Circuit has a strong policy in favor of settlement and held in *Nestle Co., Inc. v. Chester's Market, Inc.*, 756 F.2d 280 (2d Cir.1985), that it was an abuse of discretion for a trial court to refuse to vacate a summary judgment in a case in which such vacatur was a condition of the settlement agreement. *See also Manufacturers Hanover Trust Co. v. Yanakas*, 11 F.3d 381 (2d Cir.1993) (distinguishing between vacatur at district court level and vacatur at appellate court level). However, the more recent Supreme Court decision in *United States Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), may cast some doubt on the full strength of the *Nestle* holding. *See, e.g., Agee v. Paramount Communications, Inc.*, 932 F.Supp. 85 (S.D.N.Y.1996) ("*Manufacturers Hanover* and *Bancorp* counsel against automatically granting Rule 60(b) motions after settlement"); *Artmatic USA Cosmetics v. Maybelline Co.*, 906 F.Supp. 850 (E.D.N.Y. 1995) ("Recent decisions in the Supreme Court and Second Circuit have made it clear that vacatur should not be granted as a matter of course."); *Aetna Casualty and Surety Co. v. Home Insurance Co.*, 882 F.Supp. 1355 (S.D.N.Y.1995) ("It has yet to be determined whether the Supreme Court's frowning upon the routine use of vacatur in *Bancorp* would lead to refinement of *Nestle* . . ., although the holding in *Manufacturers Hanover* suggests strongly that this circuit is moving away from routine vacatur.") In any event, this is not a case in which vacatur is being granted as a matter of course. On the contrary, there are special circumstances present in this case.

At the time that I received the stipulation of settlement from the parties, I was seriously considering defendants' substantial motion for judgment as a matter of law. I was not prepared to reject defendants' arguments on the sufficiency of evidence with respect to the jury verdict and therefore was not prepared to deny the motion. In addition, the settlement agreement is advantageous to the plaintiff class, and no member of the plaintiff class has objected to any of the terms of the settlement.

The only objection to the settlement was made by Thomas De La Rue AG, a third party that I permitted to intervene for the purpose of arguing against the settlement. De La Rue sold a Brazilian company to Banknote in a transaction in which part of the purchase price was Banknote stock. De La Rue has separately sued Banknote in the case of *Thomas De La Rue Ag v. United States Banknote Corporation*, 97 Civ. 7925(MGC), 1997 WL 582877 (S.D.N.Y. Sept. 19, 1997), and would like the benefit of collateral estoppel based on the Vladimir verdict in its own case against Banknote. For that reason, De La Rue opposes the condition of the Vladimir settlement that the jury verdict be vacated and defendants' motion for judgment as a matter of law be granted. Although I granted De La Rue's motion for permissive intervention, De La Rue is not a member of the plaintiff class and has no cognizable interest in the judgment in this case. Its only interest is the hope that it might receive the benefit of collateral estoppel and thereby be excused from proving a portion of its case. De La Rue's right to a full and fair jury trial on the merits of its claims against Banknote is not affected in any way by the settlement of this case. Moreover, defendants' strongest arguments in support of their motion for judgment as a matter of law and those that I was least prepared to reject were the arguments with respect to the allegedly false and misleading statements in Banknote's 1992 Form 10–K, the only one of the two documents at issue in the Vladimir case that is also at issue in the *De La Rue Ag* case. All of these circumstances have contributed to my conclusion that vacatur of the jury verdict as a condition of the settlement is appropriate in this case and should be approved as a part of a fair and adequate settlement for the plaintiff class.

*Conclusion*

After careful reflection, it is my considered view that the jury verdict is vulnerable. Moreover, I am satisfied that this settlement

is advantageous to the class in this particular case and that it is therefore fair, reasonable and adequate in every respect. Accordingly, I approve the settlement, vacate the jury verdict, and grant defendants' motion for judgment as a matter of law as part of the settlement.

SO ORDERED.