**JEWELERS VIGILANCE COMMITTEE, INC., Plaintiff,**

v.

**VITALE INC. and Michael Schutze, Defendants.**

**No. 90 Civ. 1476(MJL).**

United States District Court, S.D. New York.

Jan. 20, 1998.

Joe A. Windman, New York City, for Plaintiff.

J. Owen Zurhellen, III, Zurhellen & La Rue, New York City, for Defendants.

## OPINION AND ORDER

LOWE, District Judge.

Before the Court is the motion of plaintiff Jewelers Vigilance Committee, Inc. ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 60(b), to vacate the Court's Opinion and Order dated September 12, 1997 ("September 1997 Opinion"). For the reasons set forth below, Plaintiff's motion is denied.

## BACKGROUND

The Court assumes familiarity with the facts of this case, *see Jewelers Vigilance Committee, Inc. v. Vitale Inc.*, No. 90 Civ. 1476, 1997 WL 582823 (S.D.N.Y. Sept. 19, 1997), and will briefly summarize the facts pertinent to this motion. In March 1990, Plaintiff commenced this action against corporate defendant Vitale Inc. ("Vitale") and its president and chief executive officer Michael Schutze ("Schutze") (collectively, "Defendants"), alleging unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125,

and deceptive acts and practices in the conduct of business in violation of Section 349 of the New York General Business Law. Plaintiff sought declaratory, injunctive, and monetary relief.

On May 21, 1992, the Court dismissed Plaintiff's claims for monetary damages because Plaintiff lacked standing to pursue such claims. *See* Order, dated May 21, 1992, at 5. On February 28, 1994 ("February 1994 Order"), the Court denied Plaintiff's motion for partial summary judgment and granted Defendants' cross-motion for partial summary judgment on two of the four counts in the complaint. *See* Order, dated Feb. 28, 1994, at 4. The Court, finding that Vitale had ceased to exist as a business for several years and that there was "no reasonable expectation that the alleged deceptive and unfair conduct will resume by Vitale," dismissed the claims against Vitale as moot. *Id.* at 2–3. The Court dismissed the claims against Schutze on the merits, finding that Plaintiff presented no evidence that Schutze committed any wrongful acts and that, instead, the evidence exonerated him. *Id.* at 4.

Despite the Court's February 1994 Order finding Plaintiff's claims against Vitale moot, Plaintiff maintained the remaining claims against Vitale for over three more years. In May 1997, Plaintiff moved to voluntarily dismiss its remaining two claims against Defendants without prejudice. Defendants cross-moved to dismiss the remaining claims with prejudice and sought attorney's fees and costs for defending this action. In its September 1997 Opinion, the Court dismissed the remaining claims with prejudice and awarded Defendants costs. *See Vitale*, 1997 WL 582823, at *6.

Plaintiff now moves the Court to vacate the September 1997 Opinion. According to Plaintiff, since the Court's September 1997 Opinion, the parties have reached a settlement regarding costs.[1] Defendants neither opposed nor supported Plaintiff's motion.

---

1. On November 7, 1997, the Court signed a Stipulation and order in which Defendants acknowledged receipt of an amount in satisfaction of costs due. *See* Stip. and Order, dated Nov. 7, 1997, at 1.

## DISCUSSION

### I. *Legal Standards Under Rule 60(b)*

A motion to vacate a judgment under Rule 60(b) is left to the sound discretion of the district court. *Nemaizer v. Baker*, 793 F.2d 58, 61–62 (2d Cir.1986); *Agee v. Paramount Communications, Inc.*, 932 F.Supp. 85, 87 (S.D.N.Y.1996). The Second Circuit has indicated that vacatur following settlement should not be granted as a matter of course. *National Union Fire Ins. Co. v. Cohen*, No. 92 Civ. 9500, 1997 WL 639260, at *3 (S.D.N.Y. Oct.16, 1997) (citing *Manufacturers Hanover Trust Co. v. Yanakas*, 11 F.3d 381, 385 (2d Cir.1993)); *see also Aetna Casualty and Surety Co. v. Home Ins. Co. .*, 882 F.Supp. 1355, 1357 (S.D.N.Y.1995) ("it is ... clear from *Manufacturers Hanover* that vacatur should not be granted as a matter of course."). In considering such a motion, courts must balance the interests of honoring settlements reached by the parties against the public interest in the finality of judgments and the development of decisional law. *See Nestle Co. v. Chester's Market, Inc.*, 756 F.2d 280, 282 (2d Cir.1985); *Aetna*, 882 F.Supp. at 1356–57; *IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F.Supp. 495, 496 (S.D.N.Y.1994).

Courts have recognized several potential benefits to litigants from vacating a final judgment: (1) the judgment will not be binding on the parties in future litigation; (2) it can be used as a bargaining chip for settlement of the case; and (3) it prevents the ruling from having precedential effect in situations capable of repetition. *See IBM Credit*, 848 F.Supp. at 496. The Second Circuit formerly gave precedence to these settlement interests over the public interest in the finality of judgments. *See Nestle*, 756 F.2d at 283. In *Nestle*, the parties moved to vacate a district court judgment, while an appeal of the judgment was pending, as a condition of settlement of the action. *Id.* at 281. The Second Circuit reversed the district court's denial of the motion to vacate. *Id.* at 284. The Second Circuit reasoned that, although the policies favoring the finality of judgments are intended to conserve

resources, denial of the motion to vacate would be counterproductive to this policy because the settlement would end pending litigation. *Id.* at 282.

Although in *Nestle* the Second Circuit favored the vacatur of judgments as a matter of course in the wake of a settlement by the litigants, its holding has been called into question in light of *Manufacturers Hanover Trust Co. v. Yanakas*, 11 F.3d 381 (2d Cir. 1993), and *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). In *Manufacturers Hanover*, the parties jointly moved for vacatur of a Second Circuit opinion, prior to the issuance of its mandate, as a condition of a settlement of the suit. 11 F.3d at 382. The Court rejected application of the *Nestle* rule and denied the motion, noting that the parties sought vacatur of a judgment of an appellate court, rather than of a district court. *See id.* at 384. The Court explained that, in contrast to its case, the district court judgment in *Nestle* was still subject to appellate review as a matter of right. *See id.*

Limiting its holding to the circumstances of that case, the Second Circuit did not explicitly overrule *Nestle*. The Court, however, stated its agreement with the Seventh Circuit's policy that:

> [w]hen a clash between genuine adversaries produces a precedent, ... the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property.

*Id.* at 385 (quoting *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1301–02 (7th Cir.1988)). The Seventh Circuit applied this reasoning in denying a motion to vacate a *district* court judgment for the purpose of settlement.[2] *See Memorial Hospital*, 862 F.2d at 1301–02. The Second Circuit, in *Manufacturers Hanover*, further cited several other circuit court decisions in accord with the Seventh Circuit. *See* 11 F.3d at 385 (citations omitted).

---

**2.** The Seventh Circuit explicitly rejected *Nestle's* outcome in its decision. *See id.* at 1302–03.

Subsequently, the Supreme Court refused to vacate an appellate court decision under review where the case became moot based upon a settlement between the parties. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). The Court held that vacatur in such circumstances is justified only upon "exceptional circumstances," which "do not include the mere fact that the settlement agreement provides for vacatur." *Id.* at 29, 115 S.Ct. at 393. The Court explained that: "[w]here mootness results from settlement ... the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice." *Id.* at 25, 115 S.Ct. at 392.[3] In light of *Manufacturers Hanover* and *Bancorp,* several courts in this Circuit have questioned the validity of *Nestle. See, e.g., Agee,* 932 F.Supp. at 87 ("*Nestle's* holding has been somewhat eroded by *Manufacturers Hanover,* as well as by ... *Bancorp*"); *Artmatic USA Cosmetics v. Maybelline Co.,* 906 F.Supp. 850, 854 (E.D.N.Y.1995) (explaining that the policy as stated in *Nestle* "has recently been modified by a more restrained approach towards permitting vacatur based on settlement."); *Aetna,* 882 F.Supp. at 1357 ("the holding in *Manufacturers Hanover* suggests *strongly* that this circuit is moving away from routine vacatur."); *J.A. Brundage Plumbing and Roto–Rooter, Inc. v. Massachusetts Bay Ins. Co. .,* 153 F.R.D. 36, 37 (W.D.N.Y.1994) (noting that the holding in *Manufacturers Hanover* substantially limits *Nestle* and urging the Second Circuit to further examine *Nestle* in light of the reasoning in *Manufacturers Hanover* ).

## II. Balancing of Interests

### A. Interests of the Parties in Settlement

■ Plaintiff argues that the benefits to the parties favors granting a vacatur of the September 1997 Opinion. *See* Pl.'s Mem. at 6. Plaintiff, however, fails to offer any intend-

ed benefit for *both* parties. Plaintiff merely asserts that "[t]he parties have agreed that vacatur of the Court's Opinion *will not harm* their interests." *See id.* (emphasis added). Moreover, neither of the two suggested benefits to Plaintiff persuade the Court to vacate its judgment.

First, Plaintiff suggests that vacatur will serve as a "no-publicity" clause. In its September 1997 Opinion, the Court noted its strong disapproval of Plaintiff's lack of diligence in seeking to voluntarily dismiss claims which had become moot many years earlier. *See Vitale,* 1997 WL 582823 at *2–*3. The Court refuses to use its discretionary power of vacatur to shield Plaintiff from "publicity" regarding its litigation tactics. As is discussed below, publication of the consequences of such litigation tactics serves the public interest.

Plaintiff also asserts that, because the facts of the original dispute are capable of repetition by other entities, Plaintiff may be compelled to initiate similar actions against other defendants on behalf of the jewelry trade. *See* Pl.'s Mem. at 6–7. Plaintiff contends that vacatur of the September 1997 Opinion will minimize any negative effects on such future efforts. *See id.* The Court finds this argument meritless. The only issues decided in the September 1997 Opinion were (1) whether Plaintiff's concededly moot claims should be dismissed with or without prejudice, and (2) whether Defendants should be awarded attorney's fees and costs in conjunction with such dismissal. Plaintiff has offered no basis, and the Court has found none, for asserting that the decision could negatively impact the initiation of claims against other defendants based upon facts similar to those alleged in its complaint.

In support of its motion, Plaintiff relies principally upon *IBM Credit,* in which the court granted a motion to vacate an order denying the parties' cross-motions for summary judgment as a condition of a settlement. *See* 848 F.Supp. at 495–96. However, two significant distinctions between *IBM Credit* and this case warrant a different out-

---

**3.** The Supreme Court, in *dicta,* questioned the distinction drawn by the Second Circuit in *Manufacturers Hanover* between vacating a district court judgment versus an appellate court judgment as part of a settlement. *See id.* at 28, 115 S.Ct. at 393.

come here. First, the underlying order in *IBM Credit* was a denial of summary judgment. Thus, as a result of the parties' settlement, both the court and the parties avoided the time and expenses of further substantial litigation. Here, the Court's September 1997 Opinion ended any further litigation between the parties. In fact, in its May 1997 motion, Plaintiff conceded that its claims were moot and that it had no alternative but to seek a dismissal. The parties here have not reached a settlement disposing of the merits of the action, but merely the amount of costs imposed by the Court. The "settlement" does not save the Court or the parties any significant time and expense with respect to this action.

Second, both parties in *IBM Credit* supported the motion for vacatur, as the settlement was conditional upon vacatur of the underlying judgment. *See* 848 F.Supp. at 495. Here, Plaintiff does not contend that the settlement is conditional upon vacatur. Thus, the vacatur would not serve any mutual interests of the parties in honoring a settlement. *See Agee,* 932 F.Supp. at 88 ("even if this court applied the endangered holding of *Nestle,* it is evident the parties did not 'condition' their settlement on vacatur of the judgment at issue.... The parties agreement does not say that settlement was conditional on its vacatur and this court will not infer that it was."). Accordingly, other than Plaintiff's own interest in vacating an unfavorable opinion, the Court finds that vacating its prior holding would not serve any legitimate interests of the parties.

### B. *Public Interest in Finality of Judgment*

Plaintiff contends that the public's interest in the finality of judgments and the development of decisional law is minimal in this case. *See* Pl.'s Mem. at 5. The Court recognizes that the development of decisional law will not be greatly affected by a vacatur of the September 1997 Opinion. Unlike the situation faced in *Aetna, see* 882 F.Supp. at 1357, the underlying judgment here does not concern controversial and unresolved legal issues. In addition, the judgment in this case did not follow a lengthy trial.

Nor does the September 1997 Opinion appear to benefit any nonparties. *See IBM Credit,* 848 F.Supp. at 496 (finding no additional benefit to public interest where "no nonparties appear to be directly impacted by the decision under consideration."). Nevertheless, the Court disagrees with Plaintiff's assertion that vacatur of the September 1997 Opinion "does not run counter to any public interest." *See* Pl.'s Mem. at 6. The Court's decision to dismiss Plaintiff's remaining claims with prejudice was based upon Plaintiff's failure to seek dismissal years earlier. Public interest will be served by the publication of the Court's imposition of costs upon a party for maintaining an action for six years after the claims were rendered moot. In *Agee,* the court similarly refused to vacate a judgment awarding attorneys' fees to defendants as part of a settlement of that action. *See* 932 F.Supp. at 88. The court reasoned that:

> [i]f parties could simply erase such judgments by including a clause in their settlement agreements, the district courts' power to deter frivolous litigation would be gutted.... It is not enough that plaintiff does not want a record of his and his counsel's aggravating litigation strategies. Given the need to end wasteful and deceptive litigation, the public interest is better served by preserving this judgment than by vacating it.

*Id.; see also Keller v. Mobil Corp.,* 55 F.3d 94, 98 (2d Cir.1995) ("The public interest in having rules of procedure obeyed is at least as important as the public interest in encouraging settlement of disputes."). This principle applies equally to Plaintiff's request for relief. In light of the fact that Plaintiff has shown no substantial benefit to the parties from a vacatur, this public interest persuades the court not to vacate its decision as a matter of course.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate the Court's September 1997 Opinion, pursuant to Rule 60(b), is hereby denied.

It is So Ordered.