In re Paul DUBROWSKY, Debtor.

Paul Dubrowsky, Appellant,

v.

Estate of Arnold Perlbinder, Appellee.

Nos. 96 CV 5121(ADS),
97 CV 4918(ADS).

United States District Court,
E.D. New York.

Oct. 6, 2001.

Salomon Green & Ostrow, P.C., by David M. Green, of Counsel, New York City, for Debtor–Appellant Paul Dubrowsky.

Kearney & Kearney, LLP, by Brian J. Kearney, New York City, for the Plaintiff–Appellee Estate of Arnold Perlbinder.

Newman Schwartz & Greenberg, by Richard A. Greenberg, New York City, for Non–Party Kenneth E. Warner.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In a decision and order dated February 8, 2000, this Court affirmed the following decisions and orders of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court")

(Eisenberg, J.): (1) the August 22, 1996 decision and the September 20, 1996 order denying Debtor–Appellant Paul Dubrowsky ("Dubrowsky") a discharge in bankruptcy; (2) the March 5, 1997 decision and July 29, 1997 order that imposed (a) a $5000 sanction on Dubrowsky for filing a false bankruptcy petition, (b) a $19,825 sanction on Dubrowsky and Kenneth E. Warner, Esq. ("Warner")—Dubrowsky's attorney in the adversary bankruptcy proceeding—jointly and severally for legal fees incurred by the Estate of Arnold Perlbinder (the "plaintiff") during discovery disputes, and (c) an $11,659.36 award for costs, for which Dubrowsky and Warner are jointly and severally liable; and (3) the July 31, 1997 hearing and August 11, 1997 order awarding the plaintiff the sum of $9,000, which sum represents the attorney's fees incurred in bringing the successful sanctions motion, for which Dubrowsky and Warner are jointly and severally liable. *See In re Dubrowsky*, 244 B.R. 560 (E.D.N.Y.2000).

The Court assumes familiarity with the facts of the case and the substance of *In re Dubrowsky*, 244 B.R. 560 (E.D.N.Y.2000), but will briefly summarize the facts pertinent to this motion. In affirming the award of sanctions, costs, and fees against Dubrowsky and Warner jointly and severally, the Court confirmed Judge Eisenberg's findings that Warner (1) failed to turn over various financial documents including credit card accounts, bank statements and cancelled checks despite the Bankruptcy Court's order directing that he turn over those documents; (2) made numerous arguments before Judge Eisenberg that lacked any legal merit; (3) had no standing to move to quash a subpoena seeking documents from a non-party witness whom he did not represent; and (4) made relevancy arguments during discovery that could only be interpreted as an effort to delay the discovery proceedings and hide the truth.

On March 9, 2000, Warner and Dubrowsky each filed separate notices of appeal. During the months of June and July 2000, all of the parties to this action engaged in extensive settlement negotiations and reached an agreement. Pursuant to that agreement, Dubrowsky and Warner withdrew their appeals, and all of the parties jointly submitted the present Rule 60(b) motion, seeking vacatur of the portions of this Court's February 8, 2000 decision and the Bankruptcy Court's orders and judgments that make findings of fact or conclusions of law and affirm or grant relief against or pertaining to Warner. The parties assert that the Court should grant their request because a vacatur will effectuate settlement of this case thereby averting the cost of further litigation.

■■■■ A motion seeking relief pursuant to Rule 60(b) is addressed to the sound discretion of the district court. *See Nemaizer v. Baker*, 793 F.2d 58, 61–62 (2d Cir.1986). When determining whether to grant such a motion, the Court must balance the interests of honoring a settlement reached by the parties against the public interest in the finality of judgments and the development of decisional law. *See Nestle Co. v. Chester's Market, Inc.*, 756 F.2d 280, 282 (2d Cir.1985); *Austin v. Ford*, 181 F.R.D. 283, 285 (S.D.N.Y.1998); *Jewelers Vigilance Comm., Inc. v. Vitale, Inc.*, 177 F.R.D. 184, 186 (S.D.N.Y.1998).

Recent Second Circuit decisions indicate that the Court of Appeals has stepped away from its previous position of encouraging district courts to vacate judgments in favor of settlement. *Nestle*, 756 F.2d at 282–83 (noting "the importance of honoring settlements over the finality of trial court judgments"). For instance, in *Manufacturers Hanover Trust Co. v. Yanakas*, 11 F.3d 381 (2d Cir.1993), the parties had

reached a settlement agreement conditioned upon the Second Circuit's vacatur of the district court judgment. The Second Circuit refused to vacate the district court judgment because the Circuit court had already filed its opinion. In arriving at this conclusion, the Court stated:

> When a clash between genuine adversaries produces a precedent ... the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property.

*Id.* at 385 (quoting *In re Mem'l Hosp. of Iowa County, Inc.*, 862 F.2d 1299, 1301–02 (7th Cir.1988)).

One year later, the Supreme Court decided *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), in which it refused to vacate an appellate court decision because the case had settled. The Court held that the vacatur is permissible only upon a showing of "exceptional circumstances" which "do not include the mere fact that the settlement agreement provides for vacatur." *Bancorp*, 513 U.S. at 29, 115 S.Ct. at 393. The Court emphasized the significance of judicial precedents to the legal community as a whole and noted that they are "not merely the property of private litigants and should stand unless the court concludes that the public interest would be served by a vacatur." *Id.* at 26–27, 115 S.Ct. 386 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40, 114 S.Ct. 425, 126 L.Ed.2d 396 (1993) (Stevens, J., dissenting)).

In light of these decisions, several courts in this Circuit have declined to grant a request for vacatur merely because a settlement agreement is conditioned upon it.

In *Agee v. Paramount Communications, Inc.*, 932 F.Supp. 85 (S.D.N.Y.1996), the Court refused to grant the plaintiff's motion for vacatur of the Court's order awarding the defendants attorneys' fees, which had been predicated on a finding that the plaintiff and his lawyer engaged in "highly improper conduct." *Id.* The Court noted that "[i]f parties could simply erase such judgments by including a clause in their settlement agreements, the district courts' power to deter frivolous litigation would be gutted." *Id.* The Court also found that the public interest in ending wasteful and deceptive litigation is better served by preserving the judgment than by vacating it. *Id.* The Court concluded that the public interest was not outweighed by the plaintiff's interest in eliminating any record of his litigation tactics. *Id.*

In *Jewelers Vigilance Committee, Inc. v. Vitale*, 177 F.R.D. 184 (S.D.N.Y.1998), the plaintiff maintained claims against the defendants that the Court had determined were moot. Three years later, the plaintiff moved to voluntarily dismiss the claims without prejudice, and the defendants cross-moved for costs, among other things. The Court issued a written opinion in which it awarded the defendants costs. Subsequently, the parties settled the action, and the plaintiff moved for vacatur of the Court's opinion. Finding that the publication of the consequences of litigation tactics such as those employed by the plaintiff serves the public interest, the Court refused "to use its discretionary power of vacatur to shield [the] Plaintiff from 'publicity' regarding its litigation tactics." *Id.* at 186.

The Southern District reached the same conclusion in *Austin v. Ford*, 181 F.R.D. 283 (S.D.N.Y.1998). There, the parties had conditioned their settlement agreement on the vacatur of the district court's

judgment and filed a joint motion requesting that relief. The Court found that the public's interest in the finality of a judgment; the development of decisional law; and preserving a judgment where "considerable judicial resources" would have been "expended for nought if vacatur were ordered," outweighed the parties' interest in settling the case. *See Austin,* 181 F.R.D. at 286 (quoting *Aetna Casualty and Sur. Co. v. Home Ins. Co.,* 882 F.Supp. 1355, 1358 (S.D.N.Y.1995)). In reaching this conclusion, the Court noted that "[g]ranting vacatur ... would condone wasteful utilization of the court's resources and encourage future litigants to hedge their bets by postponing settlement until after learning the opinion of the court." *Id.*

This district recently addressed the issue of vacating judgments to facilitate settlements and joined the Southern District in declining to do so. *See United States v. Reid,* 2000 WL 1843291 (E.D.N.Y. Oct. 31, 2000). The Court noted that the plaintiff failed to set forth a single reason why vacating the court's order would further the public interest and held that the public interest "is furthered by the finality of judgments, the development of decisional law, and by a recognition of the importance of published opinions to other courts and future litigants." *Id.* at *2.

Applying the reasoning of these cases, as well as the Second Circuit and Supreme Court opinions upon which their holdings are based, to the facts of this case, the Court declines to grant the parties' joint motion for vacatur of those portions of its February 8, 2000 memorandum of decision and order that relate to Warner. The parties identify their interest as that of settling the case, avoiding the costs of further litigating and preserving Warner's professional reputation. The Court finds that these private interests are far outweighed by the public interest in preserving final judgments such as this one that demonstrate the consequences of using litigation tactics like those employed by Warner and Dubrowsky. *See Jewelers Vigilance,* 177 F.R.D. at 186.

Indeed, the public has a strong interesting in preserving judicial decisions that are intended to prevent conduct similar to that of Warner and Dubrowsky. *See Reid,* 2000 WL 1843291 *2 (holding that the public interest is furthered by, among other things, "a recognition of the importance of published opinions to other courts and future litigants"). If parties are permitted to use settlement agreements to rewrite judicial opinions—as the parties attempt to do here—the courts will lose their power to punish attorneys and their clients for improper conduct that wastes judicial resources. *See Agee,* 932 F.Supp. at 85. Further, the parties would be well-advised to remember that although the Court's decision was based on the facts of their case, it remains the public act of a public official, *see Yanakas,* 11 F.3d at 385, not their private property that they can agree to alter on a whim. *See Bancorp,* 513 U.S. at 26–27, 115 S.Ct. 386.

If the Court were to vacate the portions of its decision that refer to Warner's efforts to delay discovery, hide the truth, and raise frivolous arguments, the Court would, in essence, be condoning these litigation tactics simply so that the case will settle. By asking the Court to vacate the portions of its decision that refer to Warner, the parties have requested the Court to impliedly place its imprimatur on conduct it finds to have been improper. The Court refuses to approve such behavior in the name of settlement. *See Bancorp,* 513 U.S. at 29, 115 S.Ct. at 393 (holding that the exceptional circumstances that must be shown for a Court to vacate its decision do not include "the mere fact that the settlement agreement provides for vacatur").

Accordingly, parties' motion for vacatur pursuant to Fed.R.Civ.P. 60(b) is denied.

Having reviewed the submissions of the parties, it is hereby

**ORDERED,** that the joint motion for vacatur pursuant to Fed.R.Civ.P. 60(b) is **DENIED.**

**SO ORDERED.**